**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

**TERRYL JOYCE,**

    **PLAINTIFF,**

**VS.**　　　　　　　　　　　　　　　　**CV NO.: 2:21-cv-00355-WKW-SRW**

**SEWON C&A, INC.,**

    **DEFENDANT.**　　　　　　　　　　**JURY TRIAL DEMANDED**

### FIRST AMENDED AND RESTATED COMPLAINT

**I. JURISDICTION**

1.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. § 1981. This suit is authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1866," also known;" 42 U.S.C. § 1981. The jurisdiction of this Court is invoked to secure protection of and to redress deprivation of rights secured by 42 U.S.C. § 1981 providing for injunctive and other relief against race discrimination.

**II. PARTIES**

2.  Plaintiff, Terryl Joyce, (hereinafter "Plaintiff") is a resident of Montgomery, Montgomery County, Alabama, and performed work for the Defendant in the counties composing the Middle District of Alabama during the

events of this case. Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Middle District, Northern Division.

3. Defendant Sewon C&A, Inc. (hereinafter "Defendant") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama. Defendant is an entity subject to suit under 28 U.S.C. § 1331 and 42 U.S.C. § 1981. Therefore, this Court has personal jurisdiction over Defendant.

### III. STATEMENT OF FACTS

4. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 3 above.

5. Plaintiff is a Black male.

6. Defendant hired Plaintiff during late spring or early summer of 2017.

7. Defendant initially employed Plaintiff in a position wherein he performed various Shipping & Receiving, Assembly, Inventory, and Janitorial duties.

8. During Plaintiff's employment, Defendant employed Sonny (LNU) as a Senior Manager.

9. Sonny (LNU) is believed to be American, and he is of Korean descent.

10. During Plaintiff's employment, Defendant employed Hosan Sung as a General Manager.

11. Sung is believed to be a citizen of Korea, and he is of Korean descent.

12. During Plaintiff's employment, Defendant employed Ming Jung in a capacity of payroll and finance.

13. Jung is believed to be a citizen of Korea, and she is of Korean descent.

14. During Plaintiff's employment, Defendant employed Terry (LNU) in an Office position.

15. During late 2019 or early 2020, Terry (LNU) vacated his Office position and returned to Korea.

16. Terry (LNU) is believed to be a citizen of Korea, and he is of Korean descent.

17. After Terry (LNU)'s departure, Plaintiff informed Sonny (LNU) that he wanted to seek the vacant Office position.

18. Plaintiff spoke to Sonny (LNU) or attempted to speak to Sonny (LNU) approximately four different times about the open Office position.

19. On February 24, 2020, Defendant filled the open Office position.

20. Defendant placed Brian (LNU) in the open Office Position.

21. Brian (LNU) is of Korean descent.

22. Upon information and belief, Brian (LNU)'s last work experience occurred in a retail beauty supply store.

23. Brian (LNU) had no previous management experience and no experience in automotive industrial assembly.

24. Plaintiff complained to Sonny (LNU) about Defendant hiring Brian (LNU) and he stated "it was not right to hire a Korean with no experience and you won't hire me because I am a Black American and I have experience."

25. On February 28, 2020, Plaintiff clocked-out and proceeded to his car; as Plaintiff was about to leave, Sonny (LNU) flagged down Plaintiff.

26. Sonny (LNU) asked Plaintiff to come back inside.

27. Plaintiff and Sonny (LNU) then met in the company lunchroom.

28. Sonny (LNU) told Plaintiff that Defendant terminated his employment.

29. Plaintiff asked Sonny (LNU) why Defendant terminated his employment.

30. Sonny (LNU) stated that Defendant terminated Plaintiff's employment "because of a performance evaluation."

31. During Plaintiff's employment, Defendant never issued Plaintiff a performance evaluation.

32. Upon information and belief, Defendant never issued performance evaluations to any employees.

## IV. COUNT ONE - Race – 42 U.S.C. § 1981 – Failure to Promote

33. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 32 above.

34. In violation of 42 U.S.C. § 1981, Defendant promoted a lesser qualified person of Korean descent and did not promote Plaintiff, a more qualified Black American, because of his race.

35. As a result of Defendant's violation of 42 U.S.C. § 1981, Plaintiff has been damaged, suffering loss of pay, benefits, mental anguish.

## V. COUNT ONE - Race – 42 U.S.C. § 1981 - Retaliation

36. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 35 above.

37. In violation of 42 U.S.C. § 1981, Defendant terminated Plaintiff's employment in retaliation for his complaint of race discrimination regarding Defendant's discriminatory decision to promote.

38. But for Plaintiff's complaint of race discrimination, Defendant would not have terminated Plaintiff's employment.

39. As a result of Defendant's violation of 42 U.S.C. § 1981, Plaintiff has been damaged, suffering loss of pay, benefits, mental anguish.

## VI. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate the terms of the 42 U.S.C. § 1981;

B. Enter an Order requiring the Defendant to make Plaintiff whole by awarding reinstatement to the position would have had, had he not been terminated;

C. Award back pay, together with employment benefits, front pay, compensatory damages; punitive damages; special damages; nominal damages;

D. Attorneys' fees and costs;

E. Plaintiff requests that the Court award Plaintiff equitable relief pursuant to 28 U.S.C. § 2201 and 42 U.S.C. § 1981 that the actions of Defendant violated the law; and,

F. Any different or additional relief as may be determined by the Court to which Plaintiff is entitled.

*[signature]*

_____
Allen D. Arnold

**OF COUNSEL**:
ALLEN D. ARNOLD, Attorney at Law
6 Office Park Circle, Suite 209
Birmingham, AL 35223
T: (205) 252-1550
F: (205) 502-4476
ada@allenarnoldlaw.com


**PLAINTIFF REQUESTS TRIAL BY STRUCK JURY**

*[signature]*

_____
OF COUNSEL

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this the 12th day of July 2021, a true and correct copy of the foregoing has been served via the Court's CM/ECF system to the following:

Richard Leon DeWeese, Jr.
Yurie Yeoul Bae

                                                            _____
                                                            Of Counsel